The People of the State of New York, Appellant, *v.* Morris L. Lamb and Wheeler O. Brannaman, Individually and Doing Business under the Firm Name and Style of Lamb & Brannaman, Respondents.

Fourth Department, May 3, 1939.

*John J. Bennett, Jr., Attorney-General [Irving H. Lessen, Assistant Attorney-General,* of counsel], for the appellant.

*David B. Sugarman [Walter H. Putziger* with him on the brief], for the respondents.

Per Curiam. In this action brought under the provisions of article 23-A of the General Business Law (Martin Act) the court

at Special Term has made allowances to the receiver and his attorney under the provisions of section 353-a of the General Business Law, and has ordered the People of the State of New York under the provisions of section 1547-a of the Civil Practice Act to pay the allowances. To impose liability upon the State of New York for the payment of the allowances of such receiver and his attorney would require clear and definite legislative warrant. The receivers to whom section 1547-a is generally applicable are of a wholly different character from those appointed in Martin Act litigations. The parties asking for the receivers in cases to which the section of the Civil Practice Act is generally applicable have a direct financial interest in the receivership. This is not so with reference to the People when a Martin Act litigation is begun, and we find in the statutes referred to no clear or definite provision making the State of New York responsible for allowances in actions maintained under the Martin Act. The Appellate Division in the First Department has held in *People* v. *Cardo Laboratories, Inc.* (252 App. Div. 723), that the provisions of section 1547-a of the Civil Practice Act are not applicable to a receivership occurring in the course of a litigation brought under the provisions of the Martin Act and with this determination we are in accord. As the State is not to be ordered to pay the allowances, the approval of the receiver's accounts becomes immaterial to the appellant.

The order making the allowances to the receiver and his attorney and ordering the People of the State of New York to pay the same should, therefore, be reversed on the law, without costs, and motion denied, without costs, and the appeal from the order allowing the receiver's accounts should be dismissed, without costs, as academic in view of the decision made on the other appeal.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order making allowances to the receiver and his attorney payable by the State reversed on the law, without costs, and motion denied, without costs. Appeal from order allowing receiver's accounts dismissed, without costs, as academic in view of the decision on the appeal from the other order.